The opinion of the Court was delivered by
"\Tr»mm *T* ÜSTott, J.
T4* caaiv\íi 4*.-v *!a a a aiuaaaI Tatt «11 It seems to be agreed by all the writers on criminal law, that one ingredient in .the crime of perjury, thqt the oath relate to some matter material to the question in issue. 4 Black. Com. 131-8. Rex v. Aylett, 1 T. R. 69. There can be no doubt, but that an extra-judicial oath, or one relating to a matter utterly immaterial, or even an impious oath, taken in idle conversation, may be as offensive in jhe eye of heaven, as the most solemn oath taken in a court of justice. But there are many offences against morality and religion which are not cognizable in courts of justice. For such offence, a man is answerable only to his God, and not to the laws of his country. *And our duty is to r.+ioA determine what the law considers a public offence, and not to L declare what ought to be so considered.
There is no offence, the general character of which is better understood than that of perjury ; and no point better settled, perhaps, than that the oath must relate to some fact material to the issue. When I say it must relate to some fact material to the issue, I do not mean that the particular fact sworn to must be immediately material to the issue, but it must have such a direct and immediate connection with a material fact as to give weight to the testimony to that point. As where it became material to identify a flock of sheep, and a witness was asked how he knew the sheep in question to belong to a particular individual, he said, because they were in his mark. Now although they were not in his mark, and although the mark was immaterial, yet as that was the medium through which the witness arrived at his knowledge of the important question, it had a direct tendency to strengthen his testimony, and was therefore material. So in the present case, if the defendant’s situation had given him a better opportunity of becoming acquainted with the material point in the case, testimony to that fact might have been considered material. Thus if the question had been, whether Carter had made a good crop -that year, or whether his overseer had done his duty, his testimony to those points might have been strengthened by the fact of having lived near him; because it furnished him with the means of knowing, with *442 more certainty, the truth of those facts. But it is not so with the case now under consideration. The material fact was, whether Carter actually sold the cow to Shackleford. If the defendant lived a hundred miles off, and was present at the sale, he was a competent witness to prove it. If he lived within fifty yards, and was not present, he could know nothing of the matter.. It was not a fact of such a nature as to be better known to him, in consequence of the contiguity of his resideuqe. It may sometimes be difficult *to determine how far the evidence of a particu-1 lar fact may go to strengthen the testimony of, a witness, to a more material point in a ease; and perhaps no precise and definite rule can be laid down on the subject. In all cases, therefore, so highly penal, where the question is of a doubtful character, I should incline to favor the side of the accused. In the case now under consideratin, I cannot conceive that the testimony was either directly or indirectly material to the issue. I am of opinion, therefore, that, a new trial ought to be granted.
JR. A. Taylor, for the motion. Evans, contra.
There were several other grounds taken in the case, which it is unnecessary to consider.
Colcock, Johnson, RichaRdson and Gantt, concurred.